IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARISTO VOJDANI and
IMMUNOSCIENCES LAB, INC.,                                        ORDER

              Plaintiffs,
                                                                 10-cv-37-bbc
     v.

GOTTFRIED KELLERMANN, MIEKE KELLERMANN,
PHARMASAN LABS, INC. and NEUROSCIENCE, INC.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Aristo Vojdani and Immunosciences Lab, Inc. are suing defendants Gottfried Kellermann, Mieke Kellermann, Pharmasan Labs, Inc. and Neuroscience, Inc. for various violations of state law. Plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that the plaintiffs are citizens of a different state from defendants and an amount in controversy of more than $75,000. The parties' cross motions for summary judgment are now before the court.

In reviewing the parties' submissions, I discovered some common problems with the proposed findings of fact regarding jurisdiction. First, plaintiffs say that plaintiff Vojdani "resides" in California and defendant Gottfried Kellermann and Mieke Kellermann "reside"

1

in Wisconsin. Plts.' PFOF ¶¶ 2,6, dkt. #45. However, the Court of Appeals for the Seventh Circuit has stated repeatedly that allegations regarding "residency" are not enough. <u>Craig v. Ontario Corp.</u>, 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); <u>Meyerson v. Harrah's East Chicago Casino</u>, 299 F .3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); <u>McMahon v. Bunn-O-Matic Corp.</u>, 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). The proponent of jurisdiction must show where each individual is *domiciled*, that is, where he or she intends to live for the foreseeable future. <u>Dakuras v. Edwards</u>, 312 F.3d 256, 258 (7th Cir. 2002). Residency and domicile may be the same for most individuals, but this court is obligated by circuit precedent to obtain more specific information.

Second, with respect to the citizenship of defendants Neuroscience and Pharmasan, plaintiffs say that they are Wisconsin corporations with "an office" or "a registered office" in Wisconsin. Plts.' PFOF, ¶¶ 4-5, dkt. #45. That is insufficient as well. A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. <u>Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.</u>, 385 F.3d 737, 740-43 (7th Cir. 2004). Although defendants' offices in Wisconsin might be their principal places of business, plaintiffs must prove that or obtain a stipulation from

2

defendants. Illinois Bell Telephone Co., Inc. v. Global NAPs Illinois, Inc., 551 F.3d 587, 590 (7th Cir. 2008) (corporation is not citizen of state simply because one facility is there). Presumably, plaintiffs are aware of the distinction because they allege in proper form that plaintiff Immunosciences "is a California corporation with its principal place of business in Los Angeles, California." Plts.' PFOF ¶1, dkt. #45.

Because district courts have an independent obligation to determine whether jurisdiction exists, I cannot overlook these deficiencies. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). As the proponents of jurisdiction, plaintiffs have the burden to show that it exists. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiff an opportunity to submit evidence or a stipulation regarding the domicile of plaintiff Vojdani, defendant Gottfried Kellerman and defendant Mieke Kellerman and the principal place of business of defendants Pharmasan and Neuroscience.

ORDER

IT IS ORDERED that plaintiffs Aristo Vojdani and Immunosciences Lab, Inc. may have until December 13, 2010, to submit evidence or a stipulation of the facts necessary to show that diversity jurisdiction exists. If plaintiffs fail to respond by that date, I will dismiss

the case for lack of subject matter jurisdiction.

Entered this 7th day of December, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge